Argued December 16, 1975, affirmed February 17, 1976

## STATE OF OREGON, *Respondent,*
## *v.*
## ROBERT WILLIAM BALLARD, *Appellant.*
### (No. 10239, CA 4894)

545 P2d 907

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction of robbery in the first degree, ORS 164.415. He assigns two admissions of hearsay evidence as separate errors.

On January 3, 1975 there was a robbery in a grocery store parking lot. The victim was an employe of the store who had just driven into the lot from a bank with cash.

A Mrs. Riper observed the robbery. She testified that a man took two sacks from the victim's car and fled. She testified that the man was pursued by a box boy (an employe of the store) who chased him around a corner of the store building then returned "immediately" and said, "I got around the corner, and there was a gun pointing at me; and I came right back." Riper said the boy seemed excited.

Two other men, Pomeroy and Patterson, took part in the robbery. The defendant admitted to planning the robbery and assisting in its execution and that the three planned to meet after the robbery. Defendant denied, however, having a gun in his possession at the time of the robbery.

Later, on the day of the robbery, Pomeroy received a call from Patterson who told Pomeroy that he had disposed of the gun and the clothes and was going to get the money out of the country and help the defendant who at that time had been arrested.

The defendant claims error in allowing Pomeroy to testify about this telephone conversation with Patterson. As hearsay, Patterson's statements are inadmissible unless they come within an exception. The exception the state relies on is contained in ORS 41.900(6):

"Evidence may be given of the following facts:

"(6) After proof of a conspiracy, the declaration or act of a conspirator against his coconspirator, and relating to the conspiracy."

Defendant concedes the conspiracy but contends that

it had terminated at the time of the telephone conversation.

The conspiracy had not ended. *See State v. Garrison,* 16 Or App 588, 603, 519 P2d 1295, Sup Ct *review denied* (1974).

Here the challenged conversation occurred within two hours of the actual robbery. It pertained to the robbery. The money had not yet been divided. We conclude, therefore, that the conspiracy was continuing at the time of the telephone conversation and Pomeroy's hearsay testimony concerning it was therefore admissible.

■ Defendant's other assignment of error is that the trial court erred in allowing the testimony of Riper that the box boy had said that a gun was pointed at him. Riper's testimony was admissible under the "excited utterance" exception to the hearsay rule. *State v. Hutchison,* 222 Or 533, 537, 353 P2d 1047 (1960). *See also* ORS 41.870.[1]

Affirmed.

---

[1] ORS 41.870 provides:

"Where the declaration, act or omission forms part of a transaction which is itself the fact in dispute, or evidence of that fact, such declaration, act or omission is evidence as part of the transaction."